1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9 | JEAN C.,

Plaintiff,

10

v.

11 | COMMISSIONER OF SOCIAL SECURITY,

12

Defendant.

13

CASE NO. C22-1505-DWC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

14        Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the

15   Commissioner's denial of Plaintiff's application for disability benefits. Pursuant to 28 U.S.C.

16   § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented

17   to proceed before the undersigned Magistrate Judge.

18        Having considered the ALJ's decision, the administrative record (AR), and all memoranda

19   of record, this matter is AFFIRMED.

20        Also before the Court is Plaintiff's Motion to Strike (Dkt. 17) (Motion). The Motion has

21   been fully briefed and is ripe for decision. For the reasons set forth below, Plaintiff's Motion to

22   Strike (Dkt. 17) is DENIED.

23

ORDER
PAGE - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## I.   BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) on June 19, 2017, alleging disability beginning September 23, 2016. AR 15. After the application was denied at the initial level and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). On February 7, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 40–80. On April 1, 2019, the ALJ issued a decision finding Plaintiff not disabled (2019 ALJ Decision). AR 152–65. Plaintiff requested review of the ALJ's decision from the Appeals Council, which remanded the case for further proceedings on June 15, 2020. AR 170–73.

The ALJ held another hearing on May 27, 2021, and took additional testimony from Plaintiff and a VE. AR 81–114. On June 30, 2021, the ALJ issued a second decision finding Plaintiff' not disabled (2021 ALJ Decision). AR 15–34. The Appeals Council denied Plaintiff's request for review on September 12, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see* 20 C.F.R. § 404.981. Plaintiff appeals the denial of disability benefits to this Court.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or is not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). "Substantial evidence" means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotation marks omitted). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*,

278 F.3d 947, 954 (9th Cir. 2002).

## III.    THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 18.

At step two, the ALJ found Plaintiff has the following severe impairments: depressive disorder; post-traumatic stress disorder (PTSD); degenerative disc disease of the lumbar spine; and obesity. AR 18. The ALJ also found the record contained evidence of gastrointestinal issues, including bariatric surgeries, and other physical impairments, including shoulder strain, vitamin deficiencies, hyperlipidemia, hypercholesterolemia, hypothyroidism, bruxism, low blood pressure, and breast masses; however, the ALJ found these conditions did not rise to the level of severe. AR 18–19.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment. AR 19–21.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform medium work, as defined in 20 C.F.R. § 404.1567(c), with the following limitations:

> she can frequently climb, balance, stoop, kneel, crouch, and crawl. She can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and could perform simple duties that can be learned on the job in a short period. She requires a work environment with minimal supervisor contact. Minimal contact does not preclude all contact; rather it means contact does not occur regularly. Minimal contact also does not preclude simple and superficial exchanges, and it does not preclude being in proximity to the supervisor. She can work in proximity to co-workers but not in a cooperative or team effort. She requires a work environment that has no more than superficial interactions with co-workers. She requires a work environment that

ORDER
PAGE - 3

is predictable and with few work setting changes. She requires a
work environment without public contact. She should not perform
components of emergency service or disaster related work.

AR 21. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work.

AR 31–32.

At step five, the ALJ found Plaintiff is capable of making a successful adjustment to other

work that exists in significant numbers in the national economy. AR 33. With the assistance of the

VE testimony, the ALJ found Plaintiff capable of performing the requirements of representative

occupations such as janitor, laundry worker, and packager. AR 32–33.

## IV.    DISCUSSION

Plaintiff raises the following issue on appeal: Whether the ALJ properly evaluated two

medical opinions in the record. Plaintiff requests remand for further administrative proceedings.

The Commissioner argues the ALJ's decision has the support of substantial evidence and should

be affirmed.

The regulations effective March 27, 2017, require the ALJ to consider all medical opinions

and prior administrative findings in the record and explain how the ALJ evaluated the

persuasiveness of each opinion using the supportability and consistency factors. 20 C.F.R.

§ 404.1520c(a)–(b). "Supportability" means the extent to which the "relevant . . . objective

medical evidence and supporting explanations presented by a medical source" support the medical

opinion, and "consistency" means the extent to which the medical opinion is consistent "with the

evidence from other medical sources and nonmedical sources in the claim." *Id*. at

§ 404.1520c(c)(1)–(2). The Court must also continue to consider whether the ALJ's analysis is

supported by substantial evidence. *Woods*, 32 F.4th at 787.

1          1.   Dr. Cerise Vablais, Ph.D.

2          Dr. Vablais evaluated Plaintiff on December 3, 2017. AR 513–20. The doctor opined

3    Plaintiff "has the ability to perform simple and repetitive tasks, but may need supportive

4    accommodations" and is "likely . . . currently impaired in her ability complete more detailed and

5    complex tasks on some days when she is bothered by mental health concerns." AR 519. Dr. Vablais

6    further opined Plaintiff "would likely be unable" to do the following: "receive instructions from

7    supervisors and interact with coworkers and the public," "perform work activities on a consistent

8    basis," "attend work regularly and . . . complete a normal workday/workweek without

9    interruptions from a psychiatric condition," or "handle the usual stress encountered in competitive

10   work." AR 519.

11         In the 2019 ALJ Decision, the ALJ found Dr. Vablais' opinion "less persuasive." AR 162–

12   63. The ALJ found Dr. Vablais "failed to provide specific vocational limitations with respect to

13   the claimant's mental residual functional capacity." AR 163. Specifically, the ALJ found the

14   doctor's opinion that Plaintiff "'may need supportive accommodations' is not a specific vocational

15   limitation." AR 163. The ALJ further found "the remainder of Dr. Vablais' opinion refers only to

16   what the claimant is unable to do, whereas a residual functional capacity assessment is intended to

17   capture the most a claimant can perform in various areas of mental functioning." AR 163. In the

18   2021 ALJ Decision, the ALJ adopted and incorporated the 2019 analysis of Dr. Vablais' opinion.

19   AR 31.

20         Plaintiff concedes "[c]ertain elements of Dr. Vablais' opinion are arguably vague";

21   however, Plaintiff argues "the ALJ could have easily submitted a questionnaire to Dr. Vablais

22   asking for clarification, based upon his duty to develop the record." Dkt. 10, at 5. "An ALJ's duty

23   to develop the record further is triggered only when there is ambiguous evidence or when the

ORDER
PAGE - 5

1    record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d

2    453, 459–60 (9th Cir. 2001). Here, the ALJ did not find the record ambiguous or inadequate to

3    evaluate Plaintiff's limitations; rather, the ALJ was able to determine Plaintiff's RFC based on

4    other opinion evidence, which the ALJ found persuasive, as well as Plaintiff's treatment records,

5    mental and physical examination findings, and activities. AR 24–31. Therefore, Plaintiff has not

6    shown the ALJ's duty to develop the record further was triggered in this case.

7        Plaintiff argues the ALJ failed to account for Dr. Vablais' opinion that Plaintiff would be

8    unable to attend work regularly, complete a normal workday or workweek without interruptions

9    from her symptoms, perform work activities consistently, or handle the usual stress of competitive

10   work. Dkt. 10, at 5–6. The Commissioner argues the ALJ properly rejected these limitations

11   because Dr. Vablais used qualifying and equivocal language, including "likely" and "may," when

12   stating her conclusions.[1] Dkt. 16, at 5. An ALJ may reject a medical opinion that fails to specify

13   any functional limitations or describes limitations equivocally. *See Ford v. Saul*, 950 F.3d 1141,

14   1156 (9th Cir. 2020) (finding a physician's descriptions of the plaintiff's limitations "as 'limited'

15   or 'fair' were not useful because they failed to specify functional limits"); *Khal v. Berryhill*, 690

16   Fed. Appx. 499, 501 (9th Cir. 2017) (finding a physician's opinion that the plaintiff was "probably

17   incapable of work" to be equivocal and less compelling). Here, Dr. Vablais opined Plaintiff "would

18   likely be unable" to persist at work, maintain a schedule, or handle work stress "on some days,"

19   "if experiencing mental health concerns," or "depending on the nature of the work." AR 519. The

20   _____

21   [1] In the Reply Brief, Plaintiff argues the ALJ did not explicitly reject Dr. Vablais' opinion based on the
     doctor's use of the word "likely." Dkt. 18, at 3. Nonetheless, the ALJ unambiguously rejected Dr. Vablais'
     opinion based on the doctor's failure to provide specific vocational limitations. AR 163. Therefore, the

22   ALJ's reasoning is sufficiently clear to permit judicial review. *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th
     Cir. 2012) ("Even when an agency 'explains its decision with "less than ideal clarity,"' we must uphold it

23   'if the agency's path may reasonably be discerned.'" (citations omitted)), *superseded by regulation on other
     grounds*; *see also Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are
     not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

ORDER
PAGE - 6

1    doctor's inconclusive and conditional statements reasonably lack the specificity necessary to

2    inform the RFC. Therefore, the ALJ reasonably found Dr. Vablais failed to provide specific

3    vocational limitations, the ALJ did not err by determining not to include Dr. Vablais' conclusions

4    in the RFC. *See Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010)

5    (concluding an ALJ did not need to provide clear and convincing reasons for rejecting a medical

6    opinion that did not identify any specific limitations or conflict with the ALJ's RFC

7    determination).

8         Plaintiff argues the ALJ was required to account for Dr. Vablais' assessed limitations,

9    despite the doctor's qualifying statements, because symptoms of PTSD fluctuate. Dkt. 10, at 6–7.

10   Dr. Vablais' opinion, however, does not indicate the doctor assessed conditional and equivocal

11   functional limitations specifically to account for fluctuating symptoms from Plaintiff's PTSD.

12   Rather, Dr. Vabalis' opinion indicates the doctor made equivocal and conditional statements about

13   Plaintiff's limitations in general. As discussed above, the ALJ reasonably discounted Dr. Vablais'

14   conclusions based on the doctor's lack of specificity, and the ALJ was not required to include

15   properly discounted limitations in the RFC. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d

16   685, 691–92 (9th Cir. 2009); *see also Ford*, 950 F.3d at 1156 (where a physician's descriptions of

17   a claimant's ability to perform work activities failed to specify functional limitations, "the ALJ

18   could reasonably conclude these characterizations were inadequate for determining the RFC").

19        Finally, Plaintiff argues the ALJ erred when evaluating Dr. Vablais' opinion because the

20   ALJ failed to discuss the regulatory factors of consistency and supportability. Dkt. 10, at 5.

21   Plaintiff further argues the ALJ incorrectly asserted that an RFC assessment "does not include

22   activities the claimant cannot perform." *Id.* at 7. The Court finds no error in the ALJ's assertion.

23   An RFC represents the most a claimant can do considering their limitations or restrictions. *See*

ORDER
PAGE - 7

Social Security Ruling (SSR) 96-8p. Accordingly, an ALJ's RFC assessment need not account for opinions that fail to specify a claimant's functional limitations. *See Khal*, 690 Fed. Appx. at 501 ("An ALJ is not required to incorporate limitations phrased equivocally into the RFC."). As discussed above, the ALJ reasonably found Dr. Vablais' opinion failed to identify specific vocational limitations, any error in the ALJ's discussion of the consistency and supportability of Dr. Vablais' opinion would be inconsequential to the outcome of the case. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"); *see also Turner*, 613 F.3d at 1223 (an ALJ is not required to provide clear and convincing reasons for rejecting a medical opinion that does not identify any specific limitation); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ is not required to discuss evidence that is neither significant nor probative.").

2.  Dr. Tyson Bailey, Ph.D.

Dr. Bailey evaluated Plaintiff in January 2020 and provided a psychological assessment dated March 19, 2020. AR 776–90. Dr. Bailey opined Plaintiff should "refrain from all activities that would be reasonably expected [to] further deteriorate her functional capacities." AR 790. Dr. Bailey assessed Plaintiff would be unable to work eight-hour days due to "clinically significant distress, including intrusive memories, flashbacks, avoidance, depression, anxiety, hypervigilance, and concentration difficulties" and further opined Plaintiff "is likely to have significant difficulties concentrating, particularly during moments of moderate to intense distress." AR 775, 784.

Dr. Bailey evaluated Plaintiff again in April 2021 and provided a psychological report dated May 10, 2021. AR 814–27. Dr. Bailey determined "there are no substantial changes to [Plaintiff's] symptom profile that would suggest that she can maintain her functional capacities

ORDER
PAGE - 8

1    with the consistency that is required for any work environment." AR 826. Dr. Bailey further

2    assessed Plaintiff with moderate to marked limitations in her ability to work in coordination with

3    others, complete a normal workweek, perform at a consistent pace, and interact appropriately with

4    others, including the general public, supervisors, co-workers, and peers. AR 817–19. Dr. Bailey

5    assessed Plaintiff with mild to moderate limitation in most other areas of basic work functioning.

6    AR 816–19.

7         The ALJ found Dr. Bailey's opinions unpersuasive. AR 29–30. The ALJ found Dr. Bailey's

8    opinions "not entirely consistent with his objective mental examination findings" and found the

9    doctor based his opinions on Plaintiff's subjective symptom reports. AR 29. The ALJ further found

10   Dr. Bailey's opinions "conflict with the overall treatment record," which indicated Plaintiff had a

11   "mostly benign" mental presentation, reported and showed improvement of her symptoms during

12   the pandemic, and "continued performing her horse-keeping activities." AR 29–30. Finally, the

13   ALJ found Dr. Bailey's opinions amounted to statements that Plaintiff cannot work, which is "a

14   legal conclusion that is reserved to the Commissioner." AR 30.

15        Plaintiff argues the ALJ improperly analyzed the supportability of Dr. Bailey's opinions

16   by "fail[ing] to acknowledge Dr. Bailey's test results." Dkt. 10, at 10. Under the supportability

17   factor, "[t]he more relevant the objective medical evidence and supporting explanations presented

18   by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical

19   opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). The ALJ found Dr. Bailey's assessment of

20   Plaintiff's difficulties concentrating and maintaining functioning inconsistent with the doctor's

21   mental status examination findings, which identified some speech and memory deficits but

22   otherwise indicated Plaintiff was oriented to time, place, and current events; had no auditory,

23   olfactory, or visual hallucinations; had no thought disorder; and was able to complete mental

ORDER
PAGE - 9

1   calculations, identify similarities and differences, regulate her emotions, and respond well to

2   questions. AR 29. These findings are reasonably inconsistent with Dr. Bailey's assessment that

3   Plaintiff would have difficulties concentrating or maintaining work functioning. Plaintiff does not

4   challenge the ALJ's evaluation of Dr. Bailey's mental status examination findings; rather, Plaintiff

5   argues the ALJ failed to acknowledge the results of Dr. Bailey's personality and emotional

6   functioning tests, which, Plaintiff argues, supports the doctor's opinions. Dkt. 10, at 10. However,

7   "the key question is not whether there is substantial evidence that could support a finding of

8   disability, but whether there is substantial evidence to support the Commissioner's actual finding

9   that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Therefore,

10  Plaintiff has not shown the ALJ erred in evaluating the supportability of Dr. Bailey's opinions, and

11  the ALJ's reasoning has the support of substantial evidence.

12      Plaintiff argues the ALJ's improperly found Dr. Bailey relied on Plaintiff's subjective

13  symptom reports. Dkt. 10, at 10. An ALJ may discount a medical opinion if it is heavily based on

14  discredited self-reports and not clinical evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th

15  Cir. 2014). However, in the context of mental illness, "diagnoses will always depend in part on the

16  patient's self-report," and an ALJ may not reject "objective" mental health evidence, such as a

17  clinical interview or mental health evaluation, as a "self-report." *Buck v. Berryhill*, 869 F.3d 1040,

18  1049 (9th Cir. 2017). Although Plaintiff reported experiencing concentration problems, Plaintiff

19  performed calculations without error, responded well to questions, and did not ask clarifying

20  questions during Dr. Bailey's mental status examination. AR 783–85, 816. Additionally, Dr.

21  Bailey assessed Plaintiff with no more than mild to moderate difficulties in her ability to sustain

22  concentration. AR 817–18. Despite these clinical findings, Dr. Bailey opined Plaintiff "is likely to

23  have significant difficulties concentrating, particularly during moments of moderate to intense

ORDER
PAGE - 10

distress." AR 784. Dr. Bailey's clinical findings do not reasonably support Dr. Bailey's opinion that Plaintiff is like to have significant difficulties concentrating. Therefore, the ALJ reasonably determined Dr. Bailey relied more heavily on Plaintiff's discounted self-reported symptoms[2] than on the doctor's clinical findings, and substantial evidence supports the ALJ's reasoning.

Plaintiff argues the ALJ failed to account for Dr. Bailey's opinion "that Plaintiff's deficits in concentration would manifest only when her PTSD symptoms were triggered" and that Plaintiff "used dissociative strategies to mask her symptoms for short periods." Dkt. 10, at 10–11 (citing AR 775, 784, 833). Dr. Bailey opined Plaintiff's triggers would cause her cognitive skills to "notably deteriorate on a more probable than not basis," but noted many of Plaintiff's triggers were "likely encoded in her implicit memory and unavailable for conscious recall at the moment." AR 775. Dr. Bailey's explanation indicates the doctor was not able to clinically evaluate Plaintiff's triggers or formally assess their deteriorative effects. This evidence, therefore, supports the ALJ's determination that Dr. Bailey relied heavily on Plaintiff's discounted self-reports when assessing Plaintiff's limitations. To the extent Plaintiff argues she can mask her dysfunction for short periods, this argument fails to show error in the ALJ's evaluation of Dr. Bailey's opinion. Indeed, "at all times, the burden is on the claimant to establish her entitlement to disability insurance benefits." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

Plaintiff next argues the ALJ improperly characterized Plaintiff's mental presentation in the overall treatment record as "typically benign." Dkt. 10, at 11 (citing AR 30). Plaintiff concedes that Plaintiff "sometimes had a normal mood and affect during examinations and treatment sessions" but argues Plaintiff was also frequently observed with intense, blunted, or labile affect and that Plaintiff's thought process also vacillated between normal and vigilant. Dkt. 10, at 11.

---

[2] Plaintiff does not challenge the ALJ's evaluation and rejection of Plaintiff's self-reports. AR 23–27.

ORDER
PAGE - 11

1    Plaintiff has not identified reversible error in the ALJ's evaluation of Dr. Bailey's opinions. Rather,

2    Plaintiff offers a different interpretation of the medical record, which does not properly disturb the

3    ALJ's equally rational interpretation.  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

4    599 (9th Cir. 1999).

5           Plaintiff argues the ALJ erred by finding Dr. Bailey's opinion inconsistent with evidence

6    Plaintiff's symptoms improved during the pandemic, Plaintiff continued performing her horse-

7    keeping activities, and Plaintiff did not need hospitalization or seek emergency treatment for her

8    mental impairments. Dkt. 10, at 12–14 (citing AR 29–30). As discussed above, substantial

9    evidence supports the ALJ's rejection of Dr. Bailey's opinions by finding the opinions lacked

10   support from the doctor's own examination findings, were inconsistent Plaintiff's benign

11   presentation in her overall treatment record, and heavily relied on Plaintiff's discounted self-

12   reports. The ALJ thus adequately articulated and explained the persuasiveness of Dr. Bailey's

13   opinions using the "supportability" and "consistency" factors, the two most important factors in

14   the ALJ's evaluation. *See* 20 C.F.R. § 404.1520c(a), (b)(1)–(2). Accordingly, any error in the

15   ALJ's discussion of Plaintiff's improved symptoms during the pandemic, continued horse-keeping

16   activities, and treatment history would be harmless in this case because it would be inconsequential

17   to the non-disability determination. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155,

18   1162–63 (9th Cir. 2008) (where the ALJ provides specific reasons supporting an assessment and

19   substantial evidence supports the conclusion, an error in the assessment may be deemed harmless);

20   *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir. 2004) (applying harmless

21   error standard where one of the ALJ's several reasons supporting an adverse credibility finding

22   was held invalid).

23          Finally, Plaintiff argues the ALJ erred by finding Dr. Bailey's opinions amounted to

ORDER
PAGE - 12

statements that Plaintiff cannot work, which is an issue reserved to the Commissioner. Dkt. 10, at 14. Opinions that the claimant is disabled or unable to work are issues reserved for the Commissioner's determination. 20 C.F.R. § 404.1520b(c)(3)(i). In addition to opining Plaintiff cannot work, Dr. Bailey assessed limitations in Plaintiff's ability to perform certain mental functions, such as Plaintiff's ability to sustain concentration, maintain functioning, and interact appropriately with others in the workplace. *E.g.*, AR 785, AR 817–19. Therefore, the ALJ did not properly reject Dr. Bailey's opinions by finding they were "essentially statements that the claimant cannot work." AR 30. Nevertheless, the ALJ's error was harmless in this case because the ALJ provided other valid reasons for rejecting Dr. Bailey's opinions, including by finding the opinions unsupported by the doctor's own examination findings and inconsistent with the overall medical record. *See Stout*, 454 F.3d at 1055 (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

## V.     MOTION TO STRIKE

Plaintiff separately moves to strike the section of the Defendant's Brief (Dkt. 16) entitled "Statement of the Case." Dkt. 17. Plaintiff argues the Commissioner's "Statement of the Case" "includes numerous factual assertions with no citations to the record whatsoever" in violation of Local Rule W.D. Wash. (LCR) 10(e)(6). *Id.* at 1–2. The Commissioner opposes the Motion, arguing the "Statement of the Case" was simply "a preview of the Commissioner's Argument section, in which every factual reference and legal assertion was followed by a relevant and correct pinpoint citation." Dkt. 19, at 1.

LCR 10(e)(6) requires parties to support factual assertions with a citation to the record, including a pincite to the relevant page or pages. *See* LCR 10(e)(6) ("In all cases where the court is to review the proceedings of an administrative agency, transcripts, deposition testimony, etc.,

1   the parties shall, insofar as possible, cite the page and line of any part of the transcript or record to

2   which their pleadings, motions[,] or other filings refer."); *see also Carmen v. San Francisco*

3   *Unified Sch. Dist.*, 237 F.3d 1026, 1030–31 (9th Cir. 2001) ("The district court need not examine

4   the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth

5   in the opposing papers with adequate references so that it could conveniently be found.").

6       Although the Commissioner's "Statement of the Case" does not include citations to the

7   record, the Court finds the Commissioner properly included pinpoint citations when referencing

8   the administrative record and other pleadings in the remaining, substantive portions of the

9   Defendant's Brief. Because the Court was able to locate the evidence underlying the

10  Commissioner's legal and factual representations asserted in the substantive portions of

11  Defendant's Brief, the Court did not rely on the contents of the Commissioner's "Statement of the

12  Case" when considering the Commissioner's legal arguments or reaching the merits of Plaintiff's

13  appeal. Therefore, the Court declines to strike any portion of the Defendant's Brief under LCR

14  10(e)(6).

15      The Court notes Plaintiff improperly presented her request to strike by separate motion

16  instead of including her request in her Reply Brief in accordance with LCR 7(g). *See* LCR 7(g)

17  ("Requests to strike material contained in or attached to submissions of opposing parties shall not

18  be presented in a separate motion to strike, but shall instead be included in the responsive brief,

19  and will be considered with the underlying motion."). The Court advises the parties to ensure full

20  compliance with the local procedural rules in future filings.

21      //

22      //

23      //

ORDER
PAGE - 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**VI.    CONCLUSION**

For the reasons set forth above, the Commissioner's denial of disability benefits is AFFIRMED and Plaintiff's Motion to Strike (Dkt. 17) is DENIED.

DATED this 21st day of June, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER
PAGE - 15